UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DONNELL ROBERTSON, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) |  |
| v. | ) ) | No. 1:09 CV 080 |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) ) ) |  |
| Respondent. | ) ) |  |

## OPINION and ORDER

Petitioner Donnell Robertson, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner was convicted of murder in the Lake Superior Court on May 5, 1994, and was sentenced to fifty years imprisonment. He appealed to the Court of Appeals of Indiana, which affirmed his conviction and the Indiana Supreme Court denied transfer on September 30, 1995. The petitioner filed a petition for post-conviction relief on January 26, 1996, which the trial court dismissed on December 4, 1996. The Indiana Court of Appeals remanded the cause to the trial court with instructions to conduct a hearing. After conducting a hearing, the trial court denied post-conviction relief on June 23, 1999. The Indiana Court of Appeals affirmed the denial of post-conviction relief on August 28, 2000, and the Indiana Supreme Court denied transfer on October 19, 2000.

The respondent asserts that the petitioner did not file his petition within the one-year statute of limitations established by 28 U.S.C.§ 2244(b). The petitioner has filed a traverse. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), provides

that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court. According to the record, Robertson signed his petition on February 9, 2001 (DE # 1 at 6), and someone, presumably Robertson, has written "Federal 2-9-01" on the first page of the petition. (DE # 1 at 1.) The clerk of this court received Robertson's petition for writ of *habeas corpus* on March 26, 2009. Robertson attaches another copy of his petition to his traverse, and someone, presumably Robertson, wrote "copy sent" and "3-24-09" on the first page of this copy of his petition. (DE # 13-2 at 1.)

The petitioner does not argue in his traverse that he gave his petition to prison officials in 2001 and that it languished in the mail room for eight years, and the notations "copy sent" and "3-24-09" suggest that the petition was not submitted to prison officials for mailing until this year. Accordingly, the court concludes that whenever he signed his petition, Robertson delivered it to prison officials for mailing on March 24, 2009, that it was mailed to the clerk of this court from the Miami Correctional Facility on that date, and was received by the clerk of this court on March 26, 2009. Accordingly, the court concludes that under the mailbox rule, this petition is deemed filed on March 24, 2009.

This petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, which imposes a one-year statute of limitations on state prisoners seeking *habeas corpus* relief. 28 U.S.C. §2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of *certiorari* to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 413, 321 n.3 (1987). Accordingly, the petitioner's conviction became final on December 29, 1995, the last date upon which he could have filed a petition for *certiorari* to the United States Supreme Court. The statute of limitations expired a year from that date unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or the statute was tolled by a subsequent state court proceeding. The petitioner does not suggest that he was unable to raise the claims set forth in his petition because of any impediment created by the state, that his claims are

3

founded on new law retroactively applied to cases on collateral review, that the factual predicates for his claims could not have been discovered by the exercise of due diligence, or that he has properly filed a petition for post-conviction relief, other than the petition he filed on January 26, 1996, or any other request for collateral review that would have stayed the running of the statute of limitations.

The petitioner filed his petition for post-conviction relief on January 26, 1996, which tolled the statute of limitations until the Indiana Supreme Court denied transfer on October 19, 2000. The petitioner accumulated 28 days toward the statue of limitations before he filed his petition for post-conviction relief on January 26, 1996. When until the Indiana Supreme Court denied transfer on October 19, 2000, the statute of limitations then resumed running. The statute of limitations expired on or about August 12, 2001, over seven years before he filed his petition for writ of *habeas corpus*.

For the foregoing reasons, the court **DENIES** this petition pursuant to 28 U.S.C. §2244(d).

**SO ORDERED.**

Date: October 28, 2009

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT